```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DAVID A. SAWICKI,

                        Plaintiff,

      -vs-                              **No. 1:13-CV-00681 (MAT)**
                                              **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.
_____

**I.   Introduction**

    Represented by counsel, David A. Sawicki ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for summary judgment.[1] The parties' motions were referred to Magistrate Judge Jeremiah J. McCarthy for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge McCarthy for a Report and Recommendation, which was completed and filed on October 21, 2015. The case thereafter was referred to this Court by order dated February 2, 2016.

By R&R dated October 21, 2015, Magistrate Judge McCarthy found that the ALJ erred in assessing plaintiff's residual functional capacity ("RFC") and failed to properly apply the treating physician rule. Therefore, the R&R recommended that the case be remanded for further administrative proceedings. Doc. 14.

**II.  Procedural History**

The record reveals that in January 2010, plaintiff (d/o/b February 20, 1964) applied for DIB and SSI, alleging disability as of November 1, 2009. After his applications were denied, plaintiff requested a hearing, which was held before administrative law judge Roxanne Fuller ("the ALJ") on July 19, 2011. The ALJ issued an unfavorable decision on July 22, 2011. The Appeals Council denied review of that decision and this timely action followed.

The R&R contains a thorough summary of the medical record and the administrative hearing (Doc. 14, pp. 4-17), as well as a summary of the ALJ's decision (id. at 20-23). The Court incorporates those portions of the R&R by reference.

**III. Report and Recommendation**

The R&R recommended that the case be remanded for further consideration of the regulations' Paragraph B criteria, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00, and for a proper application of the treating physician rule to the opinions of Dr. Dham Gupta, plaintiff's treating physician. The Commissioner objects to the R&R, contending that the ALJ properly determined

plaintiff's RFC. In support of this generalized objection, the Commissioner raises five specific alleged errors, which will be discussed below.

**IV. Discussion**

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" id.

First, the Commissioner takes issue with the R&R's discussion of plaintiff's treatment prior to April 2010. As the R&R noted, the ALJ found that plaintiff "did not seek treatment [for mental health conditions] until April 2010 with [Lakeshore] Behavioral Health." T. 20; see Doc. 14 at 24. Although the Commissioner argues otherwise, the R&R was correct in pointing out that the record indicated a far deeper treatment history for mental health issues than the ALJ's decision suggests. Thus, the Court finds no error with the R&R in this regard.

Second, the Commissioner contends that the R&R "appear[ed] to find error" in the ALJ's finding that plaintiff's GAF of 45 (assessed in April 2010 by Dr. Patrick Hurley) did not persist for more than 12 months. See Doc. 15 at 3; see generally American Psychiatric Association, *Diagnostic and Statistical Manual of*

3

*Mental Disorders* ("DSM-IV"), at 34 (4th ed. rev. 2000) (describing global assessment of functioning ("GAF") scoring). However, the R&R appropriately considered evidence submitted to the Appeals Council, which became a part of the record upon the Appeals Council's denial of review. See <u>Perez v. Chater</u>, 77 F.3d 41, 45 (2d Cir. 1996) ("[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").

This new evidence established that in October 2010, consulting Veterans Affairs ("VA") psychologist Dr. Carol Jo Descutner assessed plaintiff with a GAF of 45, indicating serious symptoms, "based on notable depression and some anxiety symptoms with serious impairment in social and occupational functioning." T. 310. In April 2011, Dr. Descutner recorded that plaintiff's condition had deteriorated even further since that assessment, in that he "report[ed] the return of vague suicidal ideation," was "observed to be tearful and distressed throughout the hour interview," reported "increased hopelessness that he will ever be able to work," and reported that his medications had been increased by his treating physician at Lakeshore Behavioral Health ("Lakeshore"). T. 306-307. As the R&R noted, plaintiff received VA benefits based on his condition of major depressive disorder, which was found to

be associated with his prior military service. The R&R's consideration of this new evidence was proper.

Third, the Commissioner contends that the R&R erroneously recommended remand on the basis that the ALJ failed to properly discuss the Paragraph B criteria of the adult mental disorders listings. On this point, the Court finds that the ALJ's decision did contain a proper discussion of the Paragraph B criteria, in that she applied them at step two in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a, 416.920a, and proceeded to apply them at step three in accordance with the listings. However, because the ALJ failed to properly apply the treating physician rule as discussed below, her findings with regard to plaintiff's actual limitations in the four general domains of functioning, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C), reflected her erroneous rejection of Dr. Gupta's treating physician opinions. Nevertheless, the Court does not view the ALJ's discussion of the Paragraph B criteria as central to this case.

The Commissioner's fourth contention involves the R&R's discussion of the ALJ's hypothetical questions posed to the vocational expert ("VE"). The R&R reasoned that those questions were inadequate because they did not reflect an "adequate[] discuss[ion of plaintiff's limitations in the four functional areas." Doc. 14 at 25. This contention is thus intertwined with the

R&R's analysis of the Paragraph B criteria, which the Court has already addressed.

Fifth, and finally, the Commissioner challenges the R&R's proposed finding that the ALJ failed to properly apply the treating physician rule. A review of this record, however, reveals that the ALJ did fail to properly apply the treating physician rule in this case. In fact, Dr. Gupta's treating physician opinions[2] (issued in February and July 2011), which opined that plaintiff suffered from marked restrictions in all listed areas of understanding and carrying out instructions and in social functioning, were well-supported by the substantial evidence of record. As such, those opinions were entitled to controlling weight. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

As of Dr. Gupta's July 2011 opinion, he had been treating plaintiff at Lakeshore for almost a year. Ample record evidence from Lakeshore during that time period indicated that plaintiff

---

[2] Dr. Gupta's opinions appear to have been completed (with much handwritten commentary) by Debra Henderson, MS, who treated plaintiff two days per week at the Lakeshore PROS (Personalized Recovery Oriented Services) program. The Court notes that because the record indicates that Dr. Gupta was closely involved with plaintiff's treatment, including appointments every eight weeks for therapy and medication management, these opinions are entitled to controlling weight based on the co-signature. See, e.g., Djuzo v. Comm'r of Soc. Sec.,2014 WL 5823104, *4 (N.D.N.Y. Nov. 7, 2014) ("When a treating physician signs a report prepared by . . . an 'other source' whose opinions are not presumptively entitled to controlling weight[,] . . . the report should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views.").

experienced persistent symptoms of anxiety and depression, such that in February 2011, Dr. Gupta's opinion noted that plaintiff "struggle[d] [with] coping appropriately at times [with] his symptoms of anxiety [and] can get overwhelmed with emotions [and] worries." T. 272. "[His] anxiety at times [was] quite extreme [and] would greatly impact his work performance, especially in a stressful situation. He ha[d] many barriers related to this to overcome . . ." Id.

In July 2011, as noted above, Dr. Gupta's opinions noted marked restrictions in all listed areas of understanding and carrying out instructions and in social functioning, and explained that plaintiff "[became] overwhelmed, anxious [and] agitated and [became] so bothered at times he experience[d] panic attacks. This in turn [made] it very difficult for [him] to socially interact with others [and/or] function effectively in a work setting." T. 275. Given the controlling weight to which they were entitled, Dr. Gupta's opinions as to plaintiff's functioning conclusively established plaintiff's disability. Additionally, on this record it appears likely that plaintiff met the criteria for one, or both, of the listings defining affective disorders and anxiety-related disorders. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06.

Dr. Gupta's opinions are fully consistent with substantial evidence in the record, including, as noted above, MS Henderson's

7

regular treatment notes at Lakeshore PROS. Additionally, in April 2010, Dr. Patrick Hurley noted that plaintiff "appear[ed] too overwhelmed by symptoms that meet the criteria for Depression to be able to function in an occupational setting." T. 236. Dr. Hurley assessed a GAF of 45. Notes from Dr. Descutner related to plaintiff's application for VA benefits also support Dr. Gupta's opinions. In April 2011, Dr. Descutner completed a Disability Benefits Questionnaire, and noted that, among other symptoms, plaintiff suffered from panic attacks more than once a week and "[n]ear-continuous panic or depression affecting the ability to function independently, appropriately and effectively." T. 302-03. In October 2010, Dr. Descutner specifically "noted that [plaintiff's] symptoms of both depression and anxiety [met] DSM-IV criteria." T. 311.

Even consulting state agency psychologist Dr. Renee Baskin concluded that plaintiff "would have *significant* limitations being able to make appropriate decisions, relate adequately with others and appropriately deal with stress." T. 215 (emphasis added). State agency reviewing psychologist T. Andrews concurred with Dr. Baskin's findings. In this regard, plaintiff's contention that he would be off-task more than ten percent of each workday is well-taken and supported by substantial record evidence. Records from all of the treating and consulting medical professionals indicate that plaintiff's depression and anxiety affected him to such a

8

large degree that it would be impossible for him to sustain work activity on a "regular and continuing basis." See Soc. Sec. Ruling ("SSR") 96-8p (July 2, 1996).

It is clear from this record that the ALJ failed to properly apply the treating physician rule, given the substantial record evidence indicating plaintiff's pervasive limitations stemming from mental health impairments. Moreover, an assessment of the factors contained within the regulations does not support the ALJ's rejection of Dr. Gupta's opinion. Dr. Gupta had treated plaintiff for almost a year, he was a specialist in psychiatry, and the opinions were fully consistent with the record as a whole. As such, the factors weighed in favor of according his opinions controlling weight. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (listing factors considered in rejecting treating physician's opinion, including (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist).

The Court notes that the standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the

Commissioner's claim that the claimant is not disabled, see Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). For the reasons stated above, that standard is met in this case. Additionally, the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability." McClain v. Barnhart, 299 F.Supp.2d 309, 310 (S.D.N.Y.2004) (citations omitted). Reversal for calculation of benefits is particularly appropriate in this case because plaintiff's benefits claim has been pending for over six years. Considering the egregious delay plaintiff has already experienced, and the convincing evidence of disability in this case, the Court remands this case solely for the calculation and payment of benefits.

**V. Conclusion**

The Court declines to adopt the R&R and its recommendation that this case be remanded for further proceedings. For the reasons discussed in this Decision and Order, the Commissioner's motion for judgment on the pleadings (Doc. 11) is denied and plaintiff's motion (Doc. 7) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca<br>HON. MICHAEL A. TELESCA<br>United States District Judge

Dated:   February 24, 2016
         Rochester, New York.